TIMOTHY D. BARROW, ESQ.
148 Main Street
Lebanon, New Jersey  08833
(908) 236-2229
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------------------
SIACI SAINT HONORE,

                               Plaintiff,      : Case No.
     v.

M/V MAERSK KOWLOON, her engines, tackle,
appurtenances, etc., *in rem*  and
EXPEDITORS INTERNATIONAL OF WASHINGTON,:   **VERIFIED  COMPLAINT**
INC.; MEDITERRANEAN SHIPPING COMPANY S.A.,      **IN ADMIRALTY**
and WEST END EXPRESS CO., INC. , *in personam*,

                              Defendants.      :
------------------------------------------------------------------------

The Plaintiff herein, by their attorney, Timothy D. Barrow, complaining of the above Defendants, verifies upon information and belief as follows:

## THE  PARTIES

1. At and during all times hereinafter mentioned, Plaintiff SIACI SAINT HONORE, is a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country and does business pertaining to claims in the United States through Marsh JLT Specialty which has an office and place of business at 540W. Madison, Suite 1200, Chicago, Illinois 60661.

2. At and during all times hereinafter mentioned, Defendant EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. trading as Expeditors International Ocean is a corporation or other business entity duly organized and existing under and by virtue  of the laws of the State of Washington and does business in the State of New Jersey with an office and place of business at 150 Raritan Center Parkway, Edison, New Jersey 08837.

3. At and during all times hereinafter mentioned, Defendant MEDITERRANEAN SHIPPING COMPANY S.A., is a corporation or other business entity organized and existing under and by virtue of the laws of another country and does business in the State of New Jersey by and through its general agents, Mediterranean Shipping Company (USA) Inc., which has an office and place of business located at 160 Mount Bethel Road, Warren, New Jersey 07030.

4. At and during all times hereinafter mentioned, Defendant WEST END EXPRESS CO., INC. is a corporation or other business entity organized and existing under and by virtue of the laws of the State of New Jersey with a main business address at 285 Ridge Road, Dayton, New Jersey 08810.

5. Defendant M/V MAERSK KOWLOON  is or will be within this District during the pendency of this action.

6. Plaintiff brings this action as authorized as agent of the subrogated insurer(s) of the subject cargo in suit and is entitled to maintain this action and also does so for and on behalf of the shipper, consignee and/or owner of the subject cargo as their interests may appear.

7. Defendant EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. (hereinafter "EXPEDITORS") is a FMC licensed and/or registered non-vessel operating common carrier of cargo for hire and is otherwise a bailee and/or warehouseman of cargo entrusted in its care, custody and/or control.

8. Defendant MEDITERRANEAN SHIPPING COMPANY S.A. (hereinafter "MSC") is a vessel operating common carrier and/ or contract carrier of cargo for hire and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

9. Defendant WEST END EXPRESS CO., INC. (hereinafter "WEST END EXPRESS") is a motor carrier that operates trucking services for import shipments or otherwise, which include but are not limited to, drayage from the piers of the Port of New York and New Jersey and/or delivery of cargoes to their final local destination, and/or interstate motor carriage as the case may be. In

addition, WEST END EXPRESS is a bailee and/or warehouseman of cargo entrusted in its care, custody and/or control.

## JURISDICTION AND VENUE

10. Plaintiff's causes of action are admiralty and maritime claims within the original jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1333, and also arises under Federal Rule of Civil Procedure 9(h) as well as this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

11. Venue is proper and appropriate for this action pursuant to Federal Rule of Civil Procedure 82 as this Court's admiralty jurisdiction has been invoked by Plaintiff and Defendants herein are subject to personal service and/or the provisions of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and/or omissions giving rise to these claims occurred in this judicial district.

## THE FACTS

12. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 11 of the within Verified Complaint In Admiralty in their entirety, as if set forth herein at length.

13. On or before February 17, 2020, Defendant EXPEDITORS issued or caused to be issued a Sea Waybill Number 6400179902 and/or other house bill of lading or receipt for the transport by ocean of 662 cartons of cosmetics received at Milan or some other place that was stowed in shipping container no. DFSU2848988 with seal # 3721202 to be loaded at Genoa aboard the M/V MAERSK KOWLOON voyage 006W on or before this same date for transport to New York and subsequent discharge and delivery from the Port of New York & New Jersey through to final destination at Monroe Township, New Jersey (New York), in consideration of certain freight paid and received by said Defendant or persons acting on its behalf.

14. On or before February 17, 2020, Defendant MSC issued or caused to be issued bill of lading numbered MEDUG3895067 and/or other receipt for the transport of the said 662 cartons and subject container previously described in paragraph 13. Said shipment was received in alleged good order, condition and quantity at Genoa, Italy and loaded at Genoa and transported aboard the vessel MAERSK KOWLOON which arrived in the Port of New York and New Jersey with subsequent discharge on March 4, 2020 and then delivery at Port Elizabeth, New Jersey, on March 6, 2020 of the subject shipment, in consideration of certain freight paid.

15. On March 6, 2020, Defendant WEST END EXPRESS picked up the subject container no. DFSU2848988 by truck, but did not to proceed to deliver the same directly to XPO Logistics in Monroe Township, New Jersey on this same date as was customary.

16. On or before March 10, 2020, Defendant WEST END EXPRESS unloaded the subject container of its cargo and returned the empty container no. DFSU2848988 by truck to Defendant MSC or others acting on MSC's behalf on March 10, 2020.

17. The subject cargo was held and stored by Defendant WEST END EXPRESS between March 6, 2020 and March 16, 2020 and/or at some other New Jersey location.

18. On March 16, 2020, the subject cargo was received by XPO Logistics at Monroe Township, New Jersey with exceptions taken for a certain number of pallets received and visible damage to be determined pursuant to the delivery of the same by Defendant WEST END EXPRESS this same date.

19. As the distributor for Plaintiff's insured Kendo Holdings Inc. and after unloading, tallying and receipt of the subject shipment, XPO Logistics determined the same was received with shortage of 4,025 missing product units in quantities of cargo from what was loaded by the shipper in Italy (Milan) into the subject container evidencing the theft and pilferage of same while in transit, during the stoppage and interruption in transit and/or before receipt by XPO Logistics.

20. Plaintiff and its insured have duly performed all duties and obligations on their part to be performed.

## PLAINTIFF'S CAUSE(S) OF ACTION AGAINST ALL DEFENDANTS AS CARRIERS

### COUNT ONE – BREACH OF CONTRACT

21. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 20 of the within Verified Complaint in their entirety, as if set forth herein at length.

22. Defendants' failure to transport and/or store as well as to fully deliver the subject cargo of cosmetics upon each Defendant's receipt to consignee and/or receiver in the same good order, quantity and condition as received were caused by the Defendants herein and/or its/their sub-contractors', agents', and/or servants' breaches of contract owed to the shipper, consignee, receiver and/or owner of said cargo as carrier or bailee of same that resulted from their conduct or omissions to properly receive, store, secure, carry, transport, discharge, deliver and/or care for the subject cargo. Defendants' failures are breaches of contract by the said Defendants.

23. By reason of the premises, Plaintiff has sustained estimated damages, no part of which has been paid although duly demanded, in the amount of $27,333.64.

### COUNT TWO – NEGLIGENCE

24. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 20 of the within Verified Complaint in their entirety as if set forth herein at length.

25. Defendants and Defendants' sub-contractors, agents, and/or servants owed duties of care to the shipper, consignee, receiver and/or cargo owner upon receipt of same and thereafter while the

.

cargo was in their care, custody and/or control including loading, transport, discharge, unloading, storage and delivery.

26. The failure to transport and/or store and deliver the subject cargo in the same good order, quantity and condition as received is a breach of Defendants' duties and obligations of care as carriers and was the proximate cause of the loss and damage sustained by Plaintiff and/or its insured.

27. By reason of the premises, Plaintiff has sustained estimated damages, no part of which has been paid although duly demanded, in the amount of $27,333.64.

## **COUNT THREE – BREACH OF BAILMENT**

28. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 20 of the within Verified Complaint in their entirety as if set forth herein at length.

29. Defendants and Defendants' sub-contractors, agents, and/or servants took possession and exercised care, custody and/or control of the subject cargo which constituted a bailment of same.

30. Defendants' failure to deliver the entrusted subject cargo of cosmetics and returning possession, care, custody and/or control of same to Plaintiff's insured, but rather   instead sustained a loss by theft and/or pilferage which constituted a breach of bailment and       is/are violation(s) of its/their duties and obligations as bailees.

31. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $27,333.64

.

## COUNT FOUR – CONVERSION

32. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 20 of the within Verified Complaint in their entirety as if set forth herein at length.

33. Plaintiff's insured as receiver, consignee/owner of the cargo had the right to receive and possess the subject cargo of cosmetics, but was deprived of same due to the intentional act of theft and pilfering of same while in the custody, possession, safekeeping and or control of Defendants.

34. The deprivation of right to receive and possess the subject cargo of cosmetics by the Plaintiff's insured amounts to a conversion by Defendants and was also the cause of the loss and damage sustained by Plaintiff the insurer(s).

35. By reason of the premises, Plaintiff has sustained estimated damages, no part of which has been paid although duly demanded, in the amount of $27,333.64.

## PLAINTIFF'S ADDITIONAL CAUSE OF ACTION AGAINST DEFENDANTS EXPEDITORS AND WEST END EXPRESS AS CARRIERS

## COUNT FIVE – MATERIAL & UNREASONABLE DEVIATION

36. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 20 of the within Verified Complaint in their entirety, as if set forth herein at length.

37. Defendants EXPEDITORS and WEST END EXPRESS failure to continue the transport of the subject cargo of cosmetics upon Defendants' receipt directly to the consignee and/or receiver in the same good order, quantity and condition as received were caused by these Defendants material deviation from the contracts of carriage.

38. Said Defendants stopped and/or otherwise interrupted the continued transport to final delivery at XPO Logistics in Monroe Township, New Jersey by unreasonably holding the cargo for 10 days before effecting delivery of the same to XPO.

39. This 10 day delay in delivery to XPO after receipt by said Defendants was wrongful because it placed the subject cargo at an unreasonable additional risk of loss not contemplated by contracts for transportation between the parties.

40. These aforesaid described actions and omissions by said Defendants are fundamental breaches of the contract(s) of carriage which abrogates all terms and conditions that Defendants may seek to interpose leaving them as insurers liable for any cargo loss.

41. By reason of the premises, Plaintiff has sustained estimated damages, no part of which has been paid although duly demanded, in the amount of $27,333.64.

## COUNT SIX – GROSS NEGLIGENCE

42. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 41 of the within Verified Complaint in their entirety, as if set forth herein at length.

43. Defendants EXPEDITORS and WEST END EXPRESS and said Defendants' sub-contractors, agents, and/or servants owed duties of care to the shipper, consignee and/or cargo owner upon receipt of same and thereafter while the cargo was in their care, custody and/or control including transport, discharge, unloading, storage, loading and delivery.

44. The said Defendants' failure to store the subject shipment at and deliver from a secure terminal, container yard, and/or premises/facility subjected the high value shipment to an increased risk of theft and other deprivations and other egregious acts and omissions that constitute gross negligence and is a breach of Defendants' duties and obligations of care as carriers, bailees or

otherwise and was the primary cause of the loss and damage sustained by Plaintiff, Plaintiff's principal and/or its insured.

45. By reason of the premises, Plaintiff has sustained estimated damages, no part of which has been paid although duly demanded, in the amount of $27,333.64.

## PLAINTIFF'S ADDITIONAL CAUSES OF ACTION AGAINST DEFENDANTS EXPEDITORS AND WEST END EXPRESS AS WAREHOUSEMEN

### COUNT I – BREACH OF CONTRACT

46. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 45 of the within Verified Complaint in their entirety as if set forth herein at length.

47. Defendants EXPEDITORS and WEST END EXPRESS failures to receive, handle and/or deliver the subject cargos to Plaintiff's insured and cargo owner in the same good order, quantity and condition as received was caused by the said Defendants and/or their sub- contractors', agents', and/or servants' breaches of contract owed to owner of said cargos as warehouseman and/ handler of same that resulted from their conduct or omissions to properly receive, handle, store, deliver and/or care for the subject cargos and goods.

48. By reason of the premises, Plaintiff has sustained damages as nearly as same can estimated, no part of which has been paid although duly demanded, in the amount of $27,333.64.

### COUNT II – BREACH OF WARRANTY

49. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 45 of the within Verified Complaint in their entirety as if set forth herein at length.

50. Said Defendants' failure to receive, handle, store and/or deliver the subject cargos to cargo owner in the same good order, quantity and condition as received was caused by the Defendants and/or their sub-contractors', agents', and/or servants' breaches of warranty of workman-like service and/or performance owed to the owner of said cargos and goods as warehouseman of same that resulted from their conduct or omissions to properly receive, store, handle, deliver and/or care for the subject cargo and goods.

51. By reason of the premises, Plaintiff has sustained damages as nearly as same can estimated, no part of which has been paid although duly demanded, in the amount of $27,333.64.

### COUNT III – NEGLIGENCE

52. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 45 of the within Verified Complaint in their entirety as if set forth herein at length.

53. As warehouseman and/or bailee, said Defendants and their sub-contractors, agents and/or servants owed duties of care to the cargo owner upon receipt of same and thereafter while the cargo was in their care, custody and/or control including storage, receiving, securing, examining and/or delivery.

54. The failure to store, return and deliver the subject cargos and goods in the same good order, quantity and condition as received is a breach of Defendants' duties and obligations of care as warehouseman, or as bailee as the case may be, and was the proximate cause of the loss and damage sustained by Plaintiff and/or the owners of such cargoes.

55. By reason of the premises, Plaintiff has sustained damages as nearly as same can estimated, no part of which has been paid although duly demanded, in the amount of $27,333.64.

## COUNT IV – BREACH OF BAILMENT

56. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 45 of the within Verified Complaint in their entirety as if set forth herein at length.

57. Said Defendants took possession and exercised care, custody and control of the subject cargos and goods at certain times described herein which constituted a bailment of same.

58. Said Defendants' failure to receive, handle, secure, store, examine and deliver the entrusted subject cargos/goods and to return possession, exercise proper care & custody and/or control of said cargos/goods to its owners/bailors constituted a breach of bailment and was a violation of their duties and obligations as bailee.

59. By reason of the premises, Plaintiff has sustained damages as nearly as same can estimated, no part of which has been paid although duly demanded, in the amount of $27,333.64.

## COUNT V – GROSS NEGLIGENCE

60. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 45, and 53-54 of the within Verified Complaint in their entirety as if set forth herein at length.

61. The abject failures to receive, handle, secure, store, examine, preserve and deliver the entrusted subject cargos and to return possession, care, custody and/or control of said cargos in the same good order, quantity and condition as received is a breach of said Defendants' duties and obligations of care as warehouseman and bailee, or as the case may be, of known cargos of high value cosmetic products requiring competent handling, secure storage and proper warehouse security constitutes gross negligence and was the proximate cause of the loss and damage sustained by Plaintiff.

WHEREFORE, Plaintiff demands:

1. That process in due form of law according to the practice of this Court may issue against the named Defendants;

2. That if any Defendant cannot be found within this District or does not admit or accede to the jurisdiction of this Court, then that all of its property within this District, as shall be described in a subsequent affidavit, be attached in the sum set forth in this Verified Complaint pursuant to the rules and practices of this Court pertaining to maritime attachment and/or garnishment, with interests and costs;

3. That process and warrant for a maritime arrest, attachment and/or garnishment according to the rules and practices of this Court, in causes of admiralty and maritime jurisdiction *in rem*, may issue against the Defendant Vessel and that all persons having or claiming an interest therein may be cited to appear and answer, the matters aforesaid upon application for same by Plaintiff;

4. That a decree and judgment may be entered in favor of Plaintiff against the Defendants, individually, jointly and severally, for the amount of Plaintiff's damages in the amount of $27,333.64 or the total damages to be established at trial, together with pre-judgment and post-judgment interest and costs; and

5. That this Court will grant the Plaintiff such other and further relief as may be just and proper.

                                                          ___s/ Timothy D. Barrow_____

                                                         TIMOTHY D. BARROW
                                                         Attorney for Plaintiff

Dated: March 2, 2021
       Lebanon, New Jersey

## ATTORNEY VERIFICATION/CERTIFICATION

I, TIMOTHY D. BARROW, an Attorney at Law of the State of New Jersey and a Member of the Bar of this Court verify, certify, and say:

I am the attorney for the Plaintiff herein; I have read the foregoing Verified Complaint and know the contents thereof; and that the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.

The reason this Verification/Certification is made by undersigned counsel and not by Plaintiff is that Plaintiff's representative or employee who is familiar with this matter is not available to execute same at this time in this District. In light of this circumstance, I make this Verification on their/her or his behalf.

The sources of my information and the grounds for my belief as to those matters stated in the Verified Complaint, to be alleged on information and belief, are documents and records in my file, my own investigation as well as communications with my client and its representatives.

I hereby verify and certify that the foregoing statements made by me are true. I am aware that if any of these statements made by me are willfully false, I am subject to contempt of Court.

_____s/ Timothy D. Barrow_____
TIMOTHY D. BARROW
Attorney at Law – State of New Jersey

DATED: March 2, 2021
Lebanon, New Jersey